IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-02342-WYD-MJW
(Consolidated with 05-cv-02653)

NIDAL A. AYYAD,

    Plaintiff,

v.

ALBERTO GONZALES, U.S. Attorney General, et al.,

    Defendants.

---

**ORDER REJECTING RECOMMENDATION REGARDING
DEFENDANTS' OPPOSED MOTION TO CONSOLIDATE**

---

THIS MATTER is before the Court on Defendants' Opposed Motion to Consolidate (filed December 19, 2007). The matter was referred to Magistrate Judge Watanabe who issued a Recommendation Regarding Defendants' Opposed Motion to Consolidate on January 14, 2008. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72(a), D.C.COLO.LCivR. 72.1(C)(1). Magistrate Judge Watanabe recommends therein that the Motion to Consolidate be granted, and that Civil Action No. 07-cv-01451-WYD-MJW, *Salameh v. Gonzales, et al.*, be consolidated with this action. Recommendation at 1.

Since Plaintiff filed a timely Objection, I must review the Recommendation to determine whether it is "clearly erroneous or contrary to law" since the nature of the matter is nondispositive. FED. R. CIV. P. 72(a). "An order is clearly erroneous when the

reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237, 242 (D. Colo. 1993).

Plaintiff Salameh objects to consolidation, arguing that this case has certain administrative claims that are not the subject of this case or the other case consolidated with this one, *Abouhalima v. Gonzales*, Civil Action No. 05-cv-02653-WYD-MEH. Salameh also argues prejudice due the applicability of the SAMs and the increased risk that counsel face in cases involving SAMs as they are subject to criminal sanctions. I note that Plaintiff Ayyad also opposed the motion to consolidate, but has not filed objections to the Recommendation.

Turning to the merits, I respectfully reject the Recommendation. I note that the Recommendation was made without the benefit of a response by Salameh because Salameh initially filed his response to the motion to consolidate in his action instead of this case. I find that the issues raised as to why consolidation is not proper in that response (filed January 6, 2008) and the objection are meritorious. First, unlike the cases involving Plaintiffs Ayyad and Abouhalima, the *Salameh* case involves claims for injunctive relief under the Administrative Procedure Act relating to conditions of confinement. While there are also some common questions of fact and/or law involving the background of the Plaintiffs and the constitutionality of the SAMs, I find that Plaintiff Salameh could be prejudiced if his case were joined with this case due to confusion of the issues by the jury.

More importantly, I also find potential prejudice to the Plaintiffs under the SAMs due to their representation by different counsel. Both Plaintiffs Ayyad and Abouhalima are represented by the University of Denver Student Law Office, and there is a currently a dispute about the law students' right to visitation with Plaintiffs under the SAMs. Plaintiff Salameh is represented by other counsel. As Plaintiff Salameh acknowledges in his response (as incorporated into the objection), the SAMs prohibit Plaintiffs from communicating with one another or with attorneys who have not signed affirmations related to their particular case. I agree that these provisions could seriously hamper Plaintiffs' ability to assist counsel in presenting a cohesive and well-developed case should consolidation be granted. Moreover, it could prevent counsel from finding out facts from the Plaintiffs that counsel does not represent that may be necessary to know as to the overall case as consolidated.

Finally, consolidation of these cases involving different counsel does not take into account the serious obligations Plaintiffs' counsel have undertaken upon signing the affirmations that are a prerequisite to representing SAMs prisoners. An attorney's alleged violation of the SAMs affirmation agreement is a criminal offense that the Department of Justice has prosecuted in the past with respect to at least one attorney: Lynne Stewart (*United States v. Sattar*, Case Number 1:02-cr-00395-JGK). Consolidation of these cases could increase the risk to each set of counsel in the case, as they must be concerned not only with their only clients but potentially others as well, as well as all communications that involve the three Plaintiffs.

Accordingly, it is

ORDERED that the Recommendation Regarding Defendants' Opposed Motion to Consolidate is **REJECTED**. It is

FURTHER ORDERED that Defendants' Opposed Motion to Consolidate (Doc. # 120) is **DENIED**. The case of *Salameh v. Gonzales, et al.*, Civil Action No. 07-cv-01561-WYD-MJW will not be consolidated into this action. It is

FURTHER ORDERED that the Clerk of Court shall docket a copy of this Order in Civil Action No. 07-cv-01561-WYD-MJW.

Dated: February 22, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge