IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-01561-WYD-MJW

MOHAMMAD AMIN SALAMEH,

    Plaintiff,

v.

ALBERTO GONZALES, in his official capacity as U.S. Attorney General;
HARLEY LAPPIN, in his official capacity as Director, Bureau of Prisons;
HARRELL WATTS, in his official capacity as Administrator, National Inmate Appeals;
RONALD WILEY, in his official capacity as Warden, USP Florence ADMAX;
UNKNOWN F.B.I. AGENTS 1-5, in their official capacity as agents of the Federal Bureau of Investigation; and
ALOMA KIDWILER, in her official capacity as Special Services Technician, USP Florence ADMAX,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Opposed Motion for Leave to File First Amended Complaint and Brief in Support (filed February 25, 2008). This matter was referred to Magistrate Judge Watanabe for a recommendation by Order of Reference dated August 2, 2007, and Memorandum dated February 26, 2008.

Magistrate Judge Watanabe issued a Recommendation Regarding Plaintiff's Opposed Motion for Leave to File First Amended Complaint and Brief in Support on March 18, 2004, which is incorporated herein by reference. Magistrate Judge Watanabe recommends therein that Plaintiff's motion seeking leave to file a First

Amended Complaint be denied on the basis of futility. On March 29, 2008, Plaintiff filed a timely Objection.

I first address the standard of review of the Recommendation. While the issue is somewhat unsettled, I note that many courts have reviewed a recommendation to deny a motion to amend the complaint on the basis of futility as a dispositive ruling since it precludes the filing of certain claims. *See Hahn v. Star Bank*, 190 F.3d 708, 715-16 (6th Cir. 1999)); *Nomura Securities Intern., Inc. v. E\*Trade Securities, Inc.*, 280 F. Supp. 2d 184, 198 (S.D.N.Y. 2003)*; McCormick v. City of Lawrence, Kansas*, No. 02-2135-JWL, 2003 WL 158704 at *1 (D. Kan. 2003). While there are some cases to the contrary, I believe this is the better reasoned view as the Tenth Circuit has indicated that "[t]he futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim, a question this court reviews *de novo*." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). Accordingly, I review the Recommendation in this case on a de novo basis.

Magistrate Judge Watanabe notes that Plaintiff's motion seeks to add five (5) FBI agents and two additional BOP employees as defendants in their official capacities. He finds that this amendment to the complaint would be futile pursuant to *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (a suit against a government agent or officer in his/her official capacity is a suit against the office that the employee holds and not against the actual employee).

Plaintiff's Objection asks the Court to reject the Recommendation and grant his Motion for Leave to Amend for three reasons. First, he asserts that the Recommendation is contrary to law because futility requires a finding that the proposed

first amended complaint fails to state a claim upon which relief can be granted. Second, Defendants' objections to Mr. Salameh"s motion are not supported by the legal authority Defendants cite in their Response. Third, granting Plaintiff's Motion for Leave to Amend will serve the interests of justice by ensuring that his case is properly decided on the merits. The equities tip in Plaintiff's favor here because he does not seek leave to amend in bad faith or for purposes of undue delay.

Having carefully considered the Recommendation, the objections and the response to the objections, I find that the Recommendation to deny Plaintiff leave to amend the complaint should be reversed. While I find that Magistrate Judge Watanabe did not err in finding that *Kentucky v. Graham* holds that a suit against a government agent or officer in his/her official capacity is a really a suit against the office that the employee holds, I find that the doctrine of futility should not have been applied. *Kentucky v. Graham* and the other cases cited by Defendant in its response opposing Plaintiff's motion for leave to amend his complaint hold only that suit against a government agent or officer in his/her official capacity should be treated as a suit against the state. They do not hold that a plaintiff is actually barred from naming an individual agent or officer in the suit. Further, Plaintiff has stated reasons in his objections why he believes these additional defendants should be added. Accordingly, I am not convinced at this stage of the litigation that the amendment would be futile. I believe that the better course is to decide this issue on the merits, through a dispositive motion or otherwise.

Further and more importantly, Plaintiff's First Amended Complaint seeks not only to add FBI agents and additional employees of the Bureau of Prisons, but also to expand the legal bases of his existing claims and to add new claims. Neither the Recommendation nor Defendant's response to Plaintiff's motion for leave to amend addressed these claims. Again, I find that the better course at this stage of the litigation is to allow Plaintiff to amend the complaint to add these claims and have them decided on the merits.

Accordingly, it is

ORDERED that the Recommendation Regarding Plaintiff's Opposed Motion for Leave to File First Amended Complaint and Brief in Support is **REJECTED**. It is

FURTHER ORDERED that Plaintiff's Opposed Motion for Leave to File First Amended Complaint and Brief in Support Plaintiff's Motion for Default Judgment (docket # 22) is **GRANTED**. Plaintiff's Proposed First Amended Complaint attached to his motion is approved. Plaintiff shall promptly file the First Amended Complaint with the Court.

Dated: May 28, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge