IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
MICHAEL J. WATANABE, US MAGISTRATE JUDGE

Civil Action No. 07-cv-01561-WYD-MJW

MOHAMMAD AMIN SALAMEH,

    Plaintiff,

v.

MICHAEL MUKASEY, et al.,

    Defendants.

## SECOND PROTECTIVE ORDER AS TO DISCOVERY DOCUMENTS

    Defendants have filed an Unopposed Motion for Entry of a Second Protective Order, limiting the use of all documents or information produced in discovery to this litigation, and precluding Plaintiff's attorney from disclosing the information to anyone not involved in this litigation. Defendants further request that the Second Protective Order preclude Plaintiff's attorney from disclosing certain documents or information to Plaintiff without further order of this Court or the agreement of Defendants' counsel. Defendants believe the documents or information covered by this Second Protective Order may be protected by the Privacy Act of 1974 or otherwise contain sensitive information that could impact law enforcement or national or prison security. Plaintiff does not object to entry of this Second Protective Order. I find that good cause has been shown for the granting of this Second Protective Order. Accordingly, it is hereby

    ORDERED that

    1.    Plaintiff's attorney shall not disclose documents provided by Defendants (or the information contained therein) to anyone except persons assisting Plaintiff's attorney in this

litigation as set forth in the attached acknowledgment form (see attached Exhibit A). Plaintiff's attorney shall require all persons permitted to have access to any disclosed records to sign Exhibit A indicating that they have read and agree to be bound by the terms of this Second Protective Order. Plaintiff's attorney and all other persons provided access to the records shall not use the records or the information contained therein for any purpose other than this pending litigation as set forth in Exhibit A.

2. In addition to the restrictions set forth in paragraph 1, above, Plaintiff's attorney shall not disclose to Plaintiff documents that have been stamped "Confidential." These documents include letters and publications to Plaintiff that were rejected and not provided to Plaintiff, including those letters and publications rejected pursuant to the Special Administrative Measures; translations of rejected letters and publications; communications between the Department of Justice, the Federal Bureau of Investigation and the Federal Bureau of Prisons regarding rejected letters and publications; documents regarding the operation of the Administrative Maximum Penitentiary, Florence, Colorado (ADX) that could impact institutional security; documents that contain information that is exempt under the Freedom of Information Act; documents that contain information that could impact national security; documents that contain information that is law enforcement sensitive; and documents that contain confidential health information related to Plaintiff, including psychiatric and/or mental health information and information related to testing for HIV and/or hepatitis.

3. If Plaintiff's attorney disagrees with any document designated by Defendants as "Confidential," Plaintiff's attorney will first seek to resolve the dispute with Defendants. If the dispute cannot be informally resolved within ten (10) business days of submission of the issue to Defendants, Plaintiff's attorney may then seek from the Court a

review of the disputed designation by submitting the documents under seal. Prior to obtaining leave of Court (or of Defendants' counsel), portions of any filings that contain documents designated as "Confidential" may not be filed publicly, but must be filed under seal.

4. Plaintiff's attorney shall not disclose documents provided in connection with this litigation, or information contained therein, except as permitted by court order, as permitted by the terms of Exhibit A, or as consented to by Defendants' counsel.

5. At the conclusion of this litigation, all copies of documents provided by Defendants shall be returned to the U.S. Attorney or destroyed, in accordance with the specific instructions set forth in Exhibit A.

6. This Second Protective Order supersedes the prior protective order entered by the Court on March 21, 2008. Docket 35. Henceforth, all information subject to protective order in this action shall be subject to the terms of this Second Protective Order and not the prior order.

DATED this 3rd Day of September, 2008.

BY THE COURT:

s/Michael J. Watanabe

MICHAEL J. WATANABE
United States Magistrate Judge

# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

MICHAEL J. WATANABE, US Magistrate Judge

Civil Action No. 07-cv-01561-WYD-MJW

MOHAMMAD AMIN SALAMEH,

    Plaintiff,

v.

MICHAEL MUKASEY, et al.,

    Defendants.

**ACKNOWLEDGMENT FORM FOR SECOND PROTECTIVE ORDER**

    I, _____, acknowledge that I have read and understand the Second Protective Order ("Order") in this action. I agree to be bound by its terms.

    1.    I will use documents designated as subject to the Order (and information therein)

only for purposes of this litigation and not for any other purpose. I will not disclose any such documents or information to the public.

2. I will disclose documents and information subject to the Order only to (a) the Court (under seal), (b) the attorneys of record, (c) persons regularly in the employ of such attorneys, and (d) any experts or consultants hired for this case by the parties or their attorneys. Except as to the Court, Defendants' employees and Defendants' counsel, I will provide such documents and information to such persons only if they have signed an acknowledgment like this one and have a need for such information to perform duties specifically related to the conduct of this litigation. Should I wish to disclose the records which are subject to the Order to any persons other than those indicated in the Order and herein, I will first seek the consent of counsel for Defendants. If counsel for Defendants does not consent, I may, on motion, seek modification of the Order from the Court, as provided in the Order.

3. I agree that the documents and information stamped "Confidential" pursuant to paragraph 2 of the Order may not be disclosed to Plaintiff under any circumstances.

4. I agree that portions of any filings that contain documents subject to this Order (or information from such documents) shall be filed under seal and may not be filed publicly without leave either of the Court or of counsel for Defendants. Documents or information subject to the Order may not be disclosed in open court, including through trial exhibits or a public filing (*e.g.*, pleading, motion, exhibit, expert report) without first obtaining the consent of either counsel for Defendants or the Court.

5. At the termination of this litigation or when I am no longer assigned or retained to work on this case, I will return all documents subject to this Order to counsel for Defendants, or to counsel for Plaintiffs. Counsel for Plaintiffs will, within thirty (30) days after the final termination of this litigation, either return such documents to counsel for Defendants or destroy such documents. I (or Plaintiffs' counsel) will provide, within sixty (60) days after the termination of this litigation, a certification to counsel for Defendants affirming that any documents in my possession that contain information subject to this Order have been destroyed or returned to Defendants.

6. My duties herein shall survive the termination of this case and are binding upon me for all time. I consent to the personal jurisdiction of the Court for the purpose of enforcing the aforementioned Order.

Dated: _____        _____

                                                                     [signature]

                                                                    _____

                                                                    [print name]