IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01561-WYD-MJW

MOHAMMAD AMIN SALAMEH,

    Plaintiff,

v.

MICHAEL MUKASEY, et al.,

    Defendants.

---

### THIRD PROTECTIVE ORDER (Docket No. 119-2)

---

Defendants filed a Motion for Entry of Third Protective Order ("Motion") because Plaintiff is no longer represented by counsel. The Motion requests that the use of documents, materials and information produced to Plaintiff and/or generated in the course of this litigation be limited to this litigation, and that Plaintiff be precluded from disclosing all such documents and information to persons not parties to this litigation. Defendants believe the documents or information covered by this Third Protective Order may be protected by the Privacy Act; may contain information exempt pursuant to the Freedom of Information Act; or may contain sensitive information that could impact law enforcement or national or prison security. I find that good cause has been shown for the granting of this Third Protective Order. Accordingly, it is hereby

    ORDERED that

    1.    This Third Protective Order shall apply to all documents, materials and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and any other information disclosed

pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Third Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Plaintiff shall not disclose to any other person the documents, materials, and information produced to Plaintiff and/or generated in the course of this litigation to any person not a party to this litigation. *Except for Plaintiff's experts,* The use of such documents, materials and information shall be limited to this litigation.

*MJW or 5-12-9*

4. Certain materials produced to Plaintiff and/or generated in the course of this litigation may implicate national security, prison security and safety and/or law enforcement techniques or investigations. Certain other materials may contain information that is exempt under the Freedom of Information Act or that is protected pursuant to the Privacy Act, 5 U.S.C. §552a. Defendants will mark all such documents and materials "confidential" pursuant to this Third Protective Order.

5. Documents Defendants mark "confidential" pursuant to this Third Protective Order will be reviewed by counsel for Defendants who will certify that the designation as confidential is based on a good faith belief that the information is confidential as defined in this Third Protective Order.

6. Plaintiff may, without violating the terms of this Third Protective Order, reference any necessary information contained in documents produced to Plaintiff and/or generated in the course of this litigation in pleadings filed with this Court. Materials marked "confidential" may be presented to the Court only under seal. If Plaintiff wishes to attach to a pleading materials marked "confidential" pursuant to this Third Protective Order, Plaintiff must submit the materials

for filing under seal with the appropriate Motion to Seal pursuant to D.C.COLO.LCivR 7.2.

7. Plaintiff may object to the "confidential" designation by giving written notice to Defendants. The written notice shall identify the document to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "confidential" to file an appropriate motion requesting that the Court determine whether the disputed information should be designated as "confidential." If such a motion is timely filed, the disputed information shall be treated as "confidential" until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "confidential" under the terms of this Third Protective Order. In connection with a motion filed under this provision, the designating party shall bear the burden of establishing that good cause exists for the disputed information to be treated as "confidential."

8. Plaintiff shall segregate all materials produced to Plaintiff in the course of this litigation. Personnel from the Federal Bureau of Prisons will assist Plaintiff in segregating these materials.

9. Within 30 days of ~~the conclusion~~ Termination of this litigation, Plaintiff shall return all documents and materials, and all copies of such documents and materials, produced to Plaintiff pursuant to this Third Protective Order.

[handwritten: MJW 5-12-09]

10. In addition, Plaintiff shall segregate all materials generated by Plaintiff during the course of this litigation that include information obtained from documents and materials produced to Plaintiff pursuant to this Third Protective Order.

11. Within 30 days of ~~the conclusion~~ Termination of this litigation, Plaintiff shall destroy (or provide to Defendants) all of the segregated materials generated by Plaintiff that include

[handwritten: MJW 5-12-09]

3

information gathered from the documents and materials produced to Plaintiff pursuant to this Third Protective Order.

12. This Third Protective Order does not constitute a ruling on the question of whether a particular document or category of information is properly discoverable, nor does it constitute a ruling on any potential objection to the discoverability, relevance or admissibility of any record.

13. The terms and conditions set forth herein shall not apply to the disclosure of any information subject to a claim of privilege or other basis of exclusion, and this Third Protective Order shall not serve as precedent for adopting any procedure with respect to the disclosure of any such information.

14. This Third Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity to be heard.

15. This Third Protective Order supersedes the prior protective order entered by the Court on August 28, 2008. ~~Doc. 63~~ Docket No. 66, 68, and 69. Henceforth, all information subject to protective order in this action shall be subject to the terms of this Third Protective Order and not any prior protective orders.

DATED this 12th day of May, 2009.

BY THE COURT:

_[signature]_
United States Magistrate Judge

**MICHAEL J. WATANABE**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

4