IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  07-cv-01561-WYD-MJW

MOHAMMAD AMIN SALAMEH,

    Plaintiff,

v.

MICHAEL MUKASEY, et al.,

    Defendants.

---

ORDER OF DISMISSAL

---

THIS MATTER is before the Court on Plaintiff's Motion to Dismiss This Civil Action, filed November 30, 2009 [#149].  Defendants filed a Response on December 1, 2009, indicating that they doe not oppose Plaintiff's request to dismiss this case.

By way of background, I note that Plaintiff is a federal inmate incarcerated at the United States Penitentiary - Administrative Maximum facility in Florence, Colorado.  Plaintiff was convicted of terrorism charges relating to the 1993 bombing of the Word Trade Center.  In this case, Plaintiff challenges the Special Administrative Measures ("SAMs") that restrict his contacts and communications.

Defendants filed a Motion for Summary Judgment on January 15, 2009.  On February 20, 2009, I granted Plaintiff's counsel's motion to withdraw and Plaintiff has been proceeding in this matter *pro se* since that time.  On March 3, 2009, Plaintiff filed a Motion for Appointment of Counsel, requesting that the Court appoint counsel to assist him in responding to the Motion for Summary Judgment.  Magistrate Judge Watanabe

denied that motion, as well as Plaintiff's subsequent motion to stay his response deadline pending the appointment of new counsel, and stated:

> the court finds that appointment of new counsel would be appropriate in this case and shall direct the Clerk of the Court to make a good faith effort to try to secure new *pro bono* legal counsel for the plaintiff. The court forewarns plaintiff that it is frequently very difficult for the court to obtain *pro bono* counsel for litigants. The granting of this request for appointed counsel does not necessarily mean that another attorney will in fact appear on plaintiff's behalf in this case. The court will not force an attorney to represent the plaintiff. Plaintiff is further advised that **this case shall proceed in its ordinary course, with plaintiff continuing to act pro se, until such time as the court is able to secure counsel. In other words, unless and until an attorney agrees to represent plaintiff and enters an appearance on plaintiff's behalf, plaintiff remains personally responsible to comply with the court's orders and deadlines and to take all other actions necessary to continue to pursue this case. Furthermore, because of the possibility that no attorney might volunteer, the court will not consider the fact that *pro bono* counsel has yet to appear to be good cause to extend any deadlines or continue any scheduled matters.**

*See* [#'s 117, 141]. The Clerk of Court has made a good faith effort to try to secure new *pro se* counsel for Plaintiff. To date, however, the Clerk of Court has been unable to secure an attorney willing to represent Plaintiff in this matter, and it appears unlikely that the Clerk of Court will be able to do so in the future. In the instant motion Plaintiff requests dismissal of this case and states that he is unable to prepare a response to the Motion for Summary Judgment without assistance from counsel. While I am aware of the difficulties Plaintiff may encounter in preparing a response to the Motion for Summary Judgment, I note that I have granted Plaintiff several extensions of time to prepare his response, and it is ultimately Plaintiff's responsibility to prosecute this case.

Therefore, upon consideration of the motion, and the file herein, it is hereby

ORDERED that Plaintiff's Motion to Dismiss This Civil Action, filed November 30, 2009 [#149] is **GRANTED** pursuant to Fed. R. Civ. P. 41(a)(2), and this civil action is **DISMISSED**.

Dated:  December 23, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge